Quoc T. Pham, SBN 318057
7950 Foothills Boulevard, #16
Roseville, CA 95747
Ph. 916-218-2972
Email: qtplaw@gmail.com
Attorney for John Freeman

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.R., a deceased minor by and through her successor in interest JOHN FREEMAN; JOHN FREEMAN, an individual; and CRISTINA RAMIREZ, an individual<br><br>          Plaintiffs,<br><br>   vs.<br><br>CONTRA COSTA COUNTY, a public entity; TASHA MIZEL, an individual; MARCIE FRANICH, an individual; AND DOES 1 to 50, inclusive,<br><br>          Defendants | Case No.: 19-cv-07152-MMC<br><br>**OPPOSITION TO MOTION TO DISMISS BY CONTRA COSTA COUNTY AND TASHA MIZEL**<br><br>Date:     May 15, 2020<br>Time:    09:00 AM<br>Courtroom: 7, 19th Floor<br>Judge:    Honorable Maxine M. Chesney<br><br>Date Action Filed: October 29, 2019<br>Trial Date: None Assigned |

---

Plaintiffs D.R., through her successor in interest John Freeman, John Freeman, and Cristina Ramirez respectfully submit this joint opposition to defendants Contra Costa County and Tasha Mizel.

In *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the Supreme Court stated that under Rule 8 and Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544, 563 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." In *Ashcroft v. Iqbal*, 556 U.S. 662, 1949 (2009), the Court further elaborated on the test: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Where a complaint is inadequate, leave to amend the complaint is common.

Under the California Welfare and Institutions Code section 827(a)(2)(A), and also relevant federal law, there is a presumption of public interest in the release of dependency court records of a deceased dependent child. None of the exceptions in this section applied in D.R.'s case. Plaintiff Freeman applied for the release of the records in early November but has not received an order for the release from the state dependency court. Even though plaintiff Freeman was recognized as the biological father of D.R. and is entitled by law to view the records, his dependency attorney refused to release to him the records, and the court clerk refused to let him view the record. The County defendant had an unclean hand in blocking timely access to the coroner's reports. As such, the plaintiffs, not being familiar with the law, hence knowledgeable

about significant facts, do not have a fair opportunity at this time to plead fully their case. They had to file this case before the statute of limitations runs. However plaintiffs believe that under the circumstances, they have alleged plausible claims against the defendants, namely, even though the child D.R. had many willing, able family members ready to take care of her, she was seized by the county social workers without a warrant when there was no imminent danger that could not be avoided, that Plaintiff Freeman was framed with a false negative drug test, the county failed to provide the state court will full and complete evidence, that the County and the foster mom were negligent in causing the death of D.R., and the County had engaged in the destruction of evidence.

**A.     Plaintiffs Had Timely Filed their Notices of Claims under California Government Code**

The child D.R. died on October 27, 2018. Plaintiff Freeman submitted a notice of claim on March 7, 2019, and an amended notice of claim on April 11, 2019 (see the exhibits submitted by the defendants). Freeman provided notice for his claims for the false positive drug test, for negligence causing the death of D.R. and for improper disposal of the remains, etc.  These two dates fell within the six months statutory period under the California Government Code. As stated in the First Amended Complaint, even after the body was quickly cremated, for some inexplicable reasons and after many delays, Contra Costa Coroner's Office did not release the autopsy report until late April 2, 2019. Freeman's court-appointed attorney did not receive a copy of the autopsy report. The County did not provide Freeman with a copy of the autopsy report. The state court found him to be the biological father (see paragraph 8).  Freeman did not receive a copy of the coroner's report until late July 2019. Freeman filed an amended notice of

claim on September 11, 2019, then with clear evidence of wrongful death from the autopsy report. Because the County engaged in the suppression of evidence, it should be estopped from asserting that the amended notice of claim filed in September 2019 was late.[1]

Therefore, the defendants were wrong in asserting in their motion to dismiss that Freeman had not timely file his notice of claims.

**B.    Under the Circumstances, Plaintiff Freeman Had Standing to Assert Claims**

D.R. was born on Friday, June 22, 2018. Freeman did not know that he was the father of D.R. until the maternal grandmother informed him on Sunday, June 24, 2018 that the child looked like him. Freeman told the grandmother that he would assume responsibility for the child. He could not take any action such as a DNA test or assert a paternity claim because it was on a Sunday. On Monday, June 25, 2018, before Freeman could take any action to claim paternity, DCFS social workers came to the maternity ward and seized the child. They were told that the child has a father, and she was being taken care of by the maternal grandmother. Upon learning of the seizure, Freeman immediately called DCFS and asserted his rights. [2] See paragraphs 2-7.

Under the circumstances, no other unmarried biological father could have asserted his paternity any sooner. The child was not in any danger. DCFS had no valid reason to seize the child. Freeman had stepped forward to accept his child; therefore he had standing at the time of the seizure as D.R.'s biological father.

---

[1] Plaintiff Ramirez did not learn of the facts of the wrongful death until about October 27, 2019. She filed a notice of claim on March 6, 2020, within six months of the discovery of the facts behind the death of her daughter D.R. This notice of claim was denied by Contra Costa.

[2] If necessary, Freeman would make additional allegations that DCFS refused to turn over the custody of the child to the father and told him to wait until the detention hearing and that dependency court granted him biological status.It is not clear until we obtain a copy of the dependency court records on the reasons why he was not granted the full "presumed father" status. At this point, we believe that DCFS engaged in concealment of evidence to obstruct Freeman's claim so that they could adopt out this blond haired blue eyed child for federal incentive money.

Because of their seizure, Freeman was obstructed from asserting his paternity claim. The Court should disallow the defendants' claim of lack of standing under the doctrine of unclean hands.

C. **There Was No Request for Removal of the Parentage Case to the Federal Court**

This action is not a removal of the state court case to the federal court. Plaintiffs do not ask this Court to decide paternity for D.R. The state court had ruled that Freeman was a biological father.

D. **The Rooker-Feldman Doctrine Is Not Applicable to the Claims for Any Action Taken After the Detention Hearing.**

*Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). Where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction" *Id*, 1163 (9th Cir. 2003)

The Rooker-Feldman doctrine does not apply here because Plaintiffs do not appeal or challenge any state court's decision. Plaintiffs asserted claims for civil rights violations and common-law torts claims. They never raised these claims in the state dependency court, which was not an appropriate forum, in any case. Plaintiffs allege legal injuries caused by the defendants just as the plaintiff in the Ninth Circuit's seminal case Hardwick v. County of

Orange, 844 F.3d 1112.

**E.     Federal and State Law Require Reasonable Efforts to Avoid Removal of the Child**

Under *Wallis v. Spencer,* 202 F.3d 1126, 1130 (9th Cir. 2000), social workers are constrained by the substantive and procedural guarantees of the Constitution. Parents and children have a well-elaborated constitutional right to live together without governmental interference. *Arce v. Childrens Hospital Los Angeles,* 211 Cal.App.4th 1445, 1473 (2012). In particular, the child has a constitutional right not to be seized from the custody of the parents; and the parents have a constitutional right to the care and custody of their children under the Fourteenth Amendments. Children also have a Fourteenth Amendments right to remain with their parents without unwarranted government interference.

A warrant is required prior to seizing a child where the two-hour delay necessary to obtain it would not result in a significant worsening of the child's physical condition or an increase in the prospects of longterm harm. *Arce v. Childrens Hospital Los Angeles*, 211 Cal. App. 4th 1455, 1477 (2012). The social workers had time but failed to obtain a warrant for the seizure. Furthermore, the child was not in any imminent danger.

Under the Third Cause of Action, Plaintiffs had alleged that the County violated their constitutional rights to familial associations under the Fourth and Fourteenth Amendments. The child was not in any imminent danger and she had his father and many relatives on both sides willing, able and ready to take care of her. The County seized the child, failed to return the child to her parents and other relatives and put her into a dangerous foster home environment.

Federal Title IV-E program requires the states to make reasonable efforts to preserve and reunify families (i) prior to the placement of a child in foster care, to prevent or eliminate the

need for removing the child from the child's home; and (ii) to make it possible for a child to safely return to the child's home. 42 U.S.C. § 671(a)(15) (2018). None of the exceptions there and none of the exceptions listed under California Welfare and Institutions Code, Section 361.5 applies (such as the parent subjecting the child to aggravated circumstances, abandonment, torture, chronic abuse, sexual abuse, murder/voluntary manslaughter of another sibling, sexual exploitation of child, sexual offense resulting the child's conception, failure to reunify, chronic abuse of drugs or alcohol AND has refused or failed treatment, lack of interest in reunifying, etc.

**F.     The Bailiffs Defendant Does Not Enjoy Immunity for Ministerial Act**

Defendants claimed that the bailiff who administered the false positive drug test enjoyed quasi-judicial immunity under the holding of *Coverdell v. Dept. of Social Health Services*, 834 F.2d 758 (9th Cir. 1987). However, Coverdell requires that the defendant "faithfully execute valid court orders." The bailiff did not faithfully execute the court order to administer the drug test when he (or she) failed to take into account and failed to report that the test result could be a false positive test because of the over the counter medication (Zantac) taken by Freeman.

**G.     Defendants Are Not Entitled to Qualified Immunity**

A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The law is established if when there is a controlling precedent by the Supreme Court, the particular circuit, or the highest court in the state. The right must be clearly established in a "fairly particularized sense: the contours of the right must be

sufficient clear that a reasonable official would understand that what is doing violates that right. That is not to say that an official action is protected by qualified immunity unless the very action has been held unlawful, but it is to say that in light of pre-existing law, the unlawfulness must be apparent. *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). In some cases, federal law might be clearly established even in the absence of controlling precedent. For example, when the defendant's conduct may be so obviously unconstitutional that there was no need to litigate the issue previously.

As argued before, especially under the facts of the case, as a biological father to the child D.R., Freeman has a constitutional right to familial association (namely the right to care and custody of his child) under the Fourteenth Amendment. Under existing case laws on warrantless seizure of children and fabrication of evidence by social workers, it should have been obvious to the social workers that their conducts were unconstitutional.

**H.     Plaintiffs Have Pled Sufficient Facts for Plausible Claims for the Monell Claims**

To support their Monell claims Plaintiffs have listed, inter alia, the facts in the decision In re. B.D. from the California First District Court of Appeal showing the defective organization of Contra Costa DCFS firewalling its sub-agencies from each other, resulting the placement and adoption of a child to a child abuser.

If the Court deems necessary, Plaintiffs could amend the complaint to plead additional allegations such as: Contra Costa DCFS ignoring and failing to investigate abuse and neglect of foster children, retaliation against parents who complained that their children were abused and neglected. Plaintiffs know of three other on-going civil rights cases in the Northern District of California against Contra Costa County and its social workers and for similar civil rights

violations. Plaintiffs also recently learned of other news reports of social workers failing to monitor the conditions of foster children who were abused or molested by foster parents[3], an allegation that the County shipped a molested child to a closed Texas mental institution to prevent her relatives from finding out what happened to her, etc. Deliberate indifference can be inferred from repeated systemic failures by the County and attempts to cover up in this and many other cases.

     Furthermore, in the First Amended Complaint, Plaintiffs have provided facts showing deliberate indifference by defendant Mizel such as her failure to notice that the DockATo posed a danger to D.R. and to take any action after seeing a photograph of the tightly swaddled child. Mizel received this photograph to pass along to Freeman.

WHEREFORE, Plaintiffs request that the Court denies the defendants' motion to dismiss the First Amended Complaint and orders any amendment as necessary to cure any defects.

Date: April 7, 2020

                                                  /s/ Quoc T. Pham

                                              Quoc T. Pham,
                                              Attorney for Plaintiffs.

---

[3] For examples, Salah v. Contra Costa County et al, case number 18-cv-00470, AMK v. Contra Costa County et al, case number 18-cv-06004, Wood v. State of California et al, 19-cv-07597, "Antioch foster dad admitted to kissing teen in 2013, yet yet foster kids kept getting sent to him until he was charged with child molestation", the Mercury News, February 7, 2020 (https://www.mercurynews.com/2020/02/07/antioch-foster-dad-admitted-to-kissing-teen-in-2013-counties-kept-sending-foster-kids-there-until-he-was-charged-with-child-molestation/), A Betrayal of Trust: Child Molestation Alleged in Contra Costa CPS, The Epoch Times, August 27, 2019, https://www.theepochtimes.com/a-failure-of-trust-child-molestation-in-the-contra-costa-cps_3058888.html.

# PROOF OF SERVICE

Quoc T Pham declares:

1. I am a citizen of the United States and a resident of California over the age of 18.

2. I am not a party to this action.

3. My business address is 7950 Foothills Boulevard, #16, Roseville, CA 95747.

4. On 03/07/2020 I served the above Opposition to Motion to Dismiss the First Amended Complaint to

Jason Mauck, Esq.
Contra Costa County Counsel
Attorney for County Defendants        electronically through the EM/CMF System

Marcie Franich,
1272 Saint Catherine Ct
Concord, CA 94521                     by USPS First Class Mail

I declare under the penalty of perjury under the law of California that the foregoing statement is true and correct.

Roseville, CA 95747

Dated: 03/07/2020            By:      /s/ Quoc T Pham
                                      Quoc T. Pham