1

2

3

4                          IN THE UNITED STATES DISTRICT COURT

5                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   D. R., et al.,                              Case No.  19-cv-07152-MMC

8              Plaintiffs,                       **ORDER GRANTING DEFENDANT**
                                                 **BRIAN STERN'S MOTION TO**
9       v.                                       **DISMISS; AFFORDING PLAINTIFFS**
                                                 **LEAVE TO AMEND**
10  CONTRA COSTA COUNTY CA, et al.,

11             Defendants.

12

13          Before the Court is defendant Brian Stern's ("Stern") Motion, filed February 10,

14  2022, "to Dismiss Plaintiffs' Third Amended Complaint."  Plaintiffs have filed opposition,

15  to which defendant has replied.  Having read and considered the papers filed in support

16  of and in opposition to the motion, the Court rules as follows.[1]

17          In the operative complaint, the Third Amended Complaint ("TAC"), deemed filed

18  October 5, 2021 (see Order, filed October 20, 2021, at 3), plaintiffs, on behalf of plaintiff

19  John Freeman ("Freeman"), assert a single claim against Stern, specifically, the Fifth

20  Cause of Action, titled Legal Malpractice.  In said Cause of Action, plaintiffs allege Stern,

21  who represented Freeman in a juvenile dependency proceeding, "failed to advise and

22  assist Freeman to obtain paternity by operation of law through the Voluntary Paternity

23  Acknowledgment program."  (See TAC ¶ 274.)

24          In seeking dismissal of the Fifth Cause of Action, Stern argues the claim is barred

25  by the applicable statute of limitations, specifically, California Code of Civil Procedure

26  § 340.6, which provides that "[a]n action against an attorney for a wrongful act or

27  _____

28          [1] By order filed March 22, 2022, the Court took the matter under submission.

1   omission, other than for actual fraud, arising in the performance of professional services

2   shall be commenced within one year after the plaintiff discovers, or through the use of

3   reasonable diligence should have discovered, the facts constituting the wrongful act or

4   omission, or four years from the date of the wrongful act or omission, whichever occurs

5   first."  See Cal. Code. Civ. Proc. § 340.6(a).

6          On June 28, 2018, Stern was appointed by the state court to represent Freeman;

7   the representation ended May 22, 2019, when the dependency proceeding was

8   dismissed.  (See Def.'s Req. for Judicial Notice Ex. A, G.)[2]  In the TAC, plaintiffs allege

9   that, "[o]n or about October 5, 2020," more than a year after the representation ended,

10  "Freeman found out about the Voluntary Paternity Acknowledgment procedure that Stern

11  failed to advise him to carry out."  (See TAC ¶ 277.)  As Stern correctly points out, the

12  TAC fails to include any factual allegations to explain how Freeman, on or about October

13  5, 2020, "found out" about the program and why he could not have reasonably

14  discovered the existence of the program prior to that date.  In the absence of such factual

15  allegations, Stern fails to state a timely claim.  See Grisham v. Philip Morris U.S.A., Inc.,

16  40 Cal.4th 623, 638 (2007) (holding "California law recognizes a general, rebuttable

17  presumption, that plaintiffs have knowledge of the wrongful cause of an injury," and, to

18  rebut such presumption, a plaintiff "whose complaint shows on its face that his claim

19  would be barred without the benefit of the discovery rule must specifically plead facts to

20  show (1) the time and manner of discovery and (2) the inability to have made earlier

21  discovery despite reasonable diligence"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678

22  (2009) (holding courts are "not bound to accept as true a legal conclusion couched as a

23  factual allegation"; internal quotation and citation omitted).

24          Accordingly, Stern's motion to dismiss is hereby GRANTED.  If plaintiffs wish to file

25

26          [2] Stern's unopposed request that, for purposes of determining when he
    represented Freeman, the Court take judicial notice of various state court records is
27  hereby GRANTED.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)
    (holding "court may take judicial notice of matters of public record") (internal quotation
28  and citation omitted).

United States District Court
Northern District of California

a Fourth Amended Complaint for purposes of amending the Fifth Cause of Action, plaintiffs shall file such amended pleading no later than April 22, 2022.  Plaintiffs may not, however, add any new claims without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2). If plaintiffs do not timely file a Fourth Amended Complaint, the instant action will proceed on the claims remaining in the TAC.

**IT IS SO ORDERED.**

Dated: April 4, 2022

MAXINE M. CHESNEY
United States District Judge