UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. R., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>CONTRA COSTA COUNTY CA, et al.,<br>　　　　Defendants. | Case No. 19-cv-07152-MMC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 148 |

## I.   INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Compel. ECF No. 148. The Court held a hearing on February 12, 2024, and now issues the following order.

## II.   BACKGROUND

The underlying case is an action for wrongful death, negligence, and Section 1983 claims brought on behalf of and by the parents of a child, Plaintiff D.R., who died while in custody of Contra Costa Children and Family Services. *See* ECF No. 72 (Pls.' Third Amended Complaint). The cause of D.R.'s death is at issue in the litigation; the Contra Costa coroner listed the cause of death as "Probable Cardiac Rhythm Disorder (Dysrhythmia)," ECF No. 153-3 at 7, while Plaintiffs maintain that D.R. died of positional asphyxiation. ECF No. 148 at 3.

In this motion to compel, Plaintiffs seek three things: 1) a report from Defendants' expert Dr. Judy Melinek of her review of tissue samples or digital images thereof she obtained from the Contra Costa coroner's office; 2) digital copies of Dr. Melinek's slides, or to allow Plaintiffs' expert Dr. Bennet Omalu access to the tissue samples preserved by the coroner's office; and 3) to allow Dr. Omalu to supplement his expert report with his findings after examining the tissue samples. *Id.* at 2.

After Plaintiffs filed this motion to compel, the parties spoke by phone on January 12, 2024. ECF No. 153 at 3. Following the meet and confer, Defense counsel sent the below email agreeing to produce digital images of the subject slides:

> Based on your assurance that the only outstanding discovery issue is the production of the images of the slides, I will reach out to Dr. Melenik to have her send me the digital images that she has of the tissue samples. I will provide those to you once I receive them. This resolves all fact and expert discovery issues in this matter.
>
> As we also agreed, if there is any change in Dr. Omalu's report that I feel warrants a second deposition, your office has agreed to pay for Dr. Omalu's time.
>
> Please let me know if the above does not reflect what we agreed to during our discussion.

ECF No. 153-6 at 2.

Although Plaintiffs' motion requests either digital copies of the slides or access to the tissue samples, Plaintiffs' counsel responded that only production of the tissue samples would be sufficient. ECF No. 153-1, Decl. of Jason W. Mauck ¶ 14; ECF No. 154 at 4.

### III. LEGAL STANDARD

Civil Local Rule 37-3 requires any motion related to fact discovery to be brought within 7 days of the close of fact discovery, and any motion related to expert discovery to be brought within 7 days of the close of expert discovery. Civil L.R. 37-3. "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." *Id.*

"Inspecting your opponent's materials or obtaining or accessing data or information is fact discovery. It is explicitly governed by Federal Rule of Civil Procedure 34. By contrast, expert discovery means the disclosures, information and depositions referred to in Federal Rule of Civil Procedure 26(a)(2) and (b)(4)." *Finjan, LLC v. Qualys Inc.*, No. 18-cv-7229-YGR (TSH), 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020). *See also Henry v. Quicken Loans Inc.*, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("[B]ased on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery and that the extended deadline for the expert report is provided to give the

2

1  expert time to thoroughly analyze the collected data.").

2  **IV.   DISCUSSION**

3  At ECF No. 143, the parties stipulated to, and the Court ordered, the current case schedule.

4  Fact discovery closed June 9, 2023.  Expert discovery closed December 18, 2023.  ECF No. 143.

5  Plaintiffs originally brought this motion on December 22, 2023, six months after the close of fact

6  discovery, but only four days after the close of expert discovery.  ECF No. 144.  Therefore, since

7  fact discovery has long since closed, the Court must decide whether each item Plaintiffs seek to

8  compel constitutes fact discovery or expert discovery.  If the former, Plaintiffs are no longer

9  entitled to it and, indeed, the motion to compel itself is untimely.

10  **1.   A Report from Defendants' Expert Dr. Judy Melinek of Her Review of the Tissue Samples or Digital Images Thereof She Obtained from the Contra Costa Coroner's Office.**

12  Federal Rule of Civil Procedure 26(e)(2) provides: "For an expert whose report must be

13  disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information

14  included in the report and to information given during the expert's deposition.  Any additions or

15  changes to this information must be disclosed by the time the party's pretrial disclosures under

16  Rule 26(a)(3) are due."  Parties are required to supplement expert disclosures as necessary under

17  Rule 26(a)(2)(E) if "the party learns that in some material respect the disclosure is incomplete or

18  incorrect, and if the additional or corrective information has not otherwise been made known to

19  the other parties during the discovery process or in writing[.]"  *See* Fed. R. Civ. P. 26(e)(1)(A),

20  26(e)(2).

21  In July 2023, Plaintiffs received the expert report prepared by Defendants' expert Dr. Judy

22  Melinek.  ECF No. 148-1, Decl. of Quoc Pham ¶ 17.  Dr. Melinek's expert report, dated July 7,

23  2023, included an analysis of the autopsy report authored by Dr. Ikechi Ogan, the medical

24  examiner who conducted the autopsy of D.R.  ECF No. 148-3, Ex. C.  In her report, Dr. Melinek

25  concluded that it was "[her] opinion that there is insufficient information to determine a cause of

26  death for D.R. within reasonable medical certainty."  *Id.* at 4.  Dr. Melinek noted that D.R.'s

27  "brain . . . [was] not sampled histologically" as part of the autopsy.  *Id.* at 7.  She wrote that there

28  was, however, a "stock jar of tissues collected at autopsy" and noted that "microscopic slides" of

seven parts of the brain as well as several other tissues "will be scanned and reviewed digitally." *Id.* at 8. Plaintiffs contend that they "have not received any copy of the second set of slides, their digital scan, or any supplemental report from Dr. Melinek . . . if there is any." Pham Decl. ¶ 21. Plaintiffs contend, and Defendants do not dispute, that Plaintiffs "had requested such a report but have not received one." ECF No. 148 at 4.

Plaintiffs argue that "if [Dr. Melinek] has reviewed the tissues, Defendants have to supplement their expert report timely." *Id.* Defendants' opposition does not address Plaintiffs' request for Dr. Melinek to supplement her report, and Defendants did not indicate in their brief whether Dr. Melinek has reviewed the tissue samples. *See* ECF No. 153. Instead, Defendants merely pointed out that Plaintiffs never deposed Dr. Melinek. ECF No. 153 at 4; Mauck Decl. ¶ 16.

Dr. Melinek's expert report is indisputably expert discovery. *See* Fed. R. Civ. P. 26(a)(2)(B). Accordingly, the duty to supplement in Rule 26(e) applies. Because Melinek's report is written in a way that suggests that further analysis is forthcoming ("These will be scanned and reviewed digitally."), the Court thinks it should issue an order holding Defendants to their obligation to supplement. Accordingly, the Court **GRANTS** Plaintiffs' motion to compel Defendants' expert to supplement her report regarding any review performed of the tissue samples or digital images thereof she obtained from the Contra Costa coroner's office. If there is nothing further to supplement her report on that issue, Defendants shall so inform Plaintiffs in writing.

**2.  Digital Copies of Dr. Melinek's Slides, or for Defendants to Allow Plaintiffs' Expert Access to the Tissues Preserved by the Coroner's Office.**

Plaintiffs previously received five tissue slides cut by Dr. Ikechi Ogan, the medical examiner who conducted the autopsy of D.R. ECF No. 148 at 7; Pham Decl. ¶¶ 1, 16-17. Plaintiffs contend that when they retained their expert, Dr. Omalu, after the fact discovery cutoff, they learned that the slides they had previously received were insufficient. ECF No. 148 at 7. Plaintiffs contend that it is not burdensome to Defendants to turn over the slides or their digital scans or to allow Dr. Omalu access to the tissues preserved by the coroner's office. *Id.* at 8.

Seeking materials for the purpose of enabling an expert to conduct an analysis and write a

4

report does not constitute expert discovery. *Finjan, LLC v. Qualys Inc.*, No. 18-cv-7229-YGR (TSH), 2020 WL 6581836, at *1. *See also, e.g., Gore v. 3M Company*, 2017 WL 5076021, at *2 (E.D.N.C. Nov. 3, 2017) ("[T]he pathology slides constitute facts upon which experts may base their opinions at trial, and therefore are distinct from the expert opinions themselves. Accordingly, the court finds the pathology slides were subject to the March 6, 2017 fact discovery deadline. . ."); *ParkerVision, Inc., v. Qualcomm Inc.*, 2013 WL 3771226, at *4 (M.D. Fl. July 17, 2013) ("[T]he expert discovery period in the Amended CMSO does not provide an extended period of document discovery related to the disclosed experts; rather, it allows for an extended period of time to exchange expert reports pertaining to the current litigation and to complete expert depositions."). *See also Ruiz-Bueno v. Scott*, 2014 WL 576400, at *4 (S.D. Ohio Feb. 12, 2014) ("This Court knows exactly what it intended by setting separate dates for the completion of fact and expert discovery. The latter type of discovery is devoted to the exchange of expert reports and information about those reports, including the required Rule 26(a)(2) disclosures and depositions of the experts."); *Sparton Corp. v. U.S.*, 77 Fed. Cl. 10, 14 (Ct. Fed. Claims 2007) ("[E]xpert opinions are to be distinguished from the facts upon which they rely ... [¶] The fact discovery addressed by RCFC 34(a) differs from the expert discovery covered by RCFC 26, which provides that expert discovery will be carried out through mandatory disclosure of the reports of experts expected to testify at trial, and through interrogatories or depositions ...") (quoting *Arkansas Game & Fish Comm'n v. U.S.*, 74 Fed. Cl. 426, 429-30 (2006)).

Accordingly, this aspect of the motion to compel is untimely under Local Rule 37-3. Even if this portion of the motion were not untimely, there is the additional problem that Plaintiffs never served a discovery request seeking these materials, as they acknowledged at the February 12 hearing.

Plaintiffs rely heavily on an analogy to Rule 35, but the Court has trouble understanding their argument. Plaintiffs cite two cases that stand for the proposition that the deadline to disclose expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report. ECF No. 148 at 6-7. The cases do indeed say that. *See Bush v. Pioneer Human Services*, 2010 WL 324432, *5 (W.D. Wash. Jan. 21, 2010) ("[A]lthough the limited case law is somewhat split on whether a

1  Rule 35 expert report and examination must be done before the expert disclosure deadline, this
2  Court takes the position that the deadline set in the scheduling order for expert reports under Rule
3  26(a)(2) does not apply to the issuance of a Rule 35 report."); *Sharma v. City of Vancouver*, 2008
4  WL 11343467, *3 (W.D. Wash. June 17, 2008) ("The Court is not persuaded that the deadline for
5  conducting Rule 35 examinations is governed by the deadline for disclosing expert testimony.").
6  But it is unclear what inference Plaintiffs want the Court to draw.  Rule 35 is discovery.  *See* Fed.
7  R. Civ. Proc., Title V. Disclosures and Discovery, Adv. Comm. Explanatory Statement
8  Concerning 1970 Amends. to Discovery Rule (describing Rules 26-37 as "concerning discovery").
9  If Plaintiffs are right that a Rule 35 examination is not expert discovery, then it is fact discovery,
10 and the request is still untimely.  In this case, the close of fact discovery was earlier than the
11 deadline to disclose expert reports, so arguing that the latter deadline is inapplicable does not help
12 Plaintiffs.

13      The Court observes that in both cases cited by Plaintiffs, the courts did not authorize Rule
14 35 examinations after the close of discovery.  *See Bush*, 2010 WL 324432, *5 ("[A]ssuming a
15 party moves for an examination and that motion is granted, the examination must be conducted
16 sufficiently before the discovery cutoff to give the examined party time to review the report (if
17 requested), and depose the examiner if necessary."); *Sharma*, 2008 WL 11343467, *4 ("Plaintiff's
18 objection to the timeliness of the request is well taken, however.  Allowing a mental examination
19 at this juncture would frustrate the purpose behind the scheduling deadlines in this matter and
20 would impede the orderly progression of the case.  For example, Defendants propose that Plaintiff
21 undergo a mental examination after the discovery deadline has passed and permit Plaintiff to
22 depose the examiner after the deadline for filing dispositive motions has passed.").

23      But even if there is somehow no deadline to complete a Rule 35 examination, Plaintiffs
24 have not persuaded the Court that the discovery they seek to take is a Rule 35 examination.  Rule
25 35 permits a mental or physical examination of "a party whose mental or physical condition . . . is
26 in controversy . . ." or of a "person who is in [a party's] custody or under [the party's] control."
27 An autopsy can be a Rule 35 examination.  *See In re Certain Asbestos Cases*, 112 F.R.D. 427,
28 432-35 (N.D. Tex. 1986).  A result of an autopsy can be that the examiner retains tissue samples,

as well as digital slides of tissue samples. Here, an autopsy was performed on D.R. on October 29, 2018, and the coroner retained numerous tissue samples. ECF No. 153-3, Ex. B. While the Court understands that the autopsy in this case took place before this lawsuit was filed, and so it was not technically a Rule 35 examination, it was a physical examination of the type contemplated by Rule 35. Plaintiffs cite no legal authority for the proposition that each time an additional person obtains access to the tissue samples that were obtained through an autopsy, or to digital slides of those samples, that is another Rule 35 examination of the decedent.

Finally, Plaintiffs argue that good cause exists under Rule 16(b)(4) to modify the scheduling order, explaining that they were diligent in obtaining other material evidence and had not previously anticipated their need for the items they seek to compel. ECF No. 148 at 7. Plaintiffs' counsel explains in his declaration that Plaintiffs only retained their expert after settlement discussions—which Plaintiffs they believed would result in a stipulation as to Plaintiff D.R.'s cause of death—fell through. Pham Decl. ¶ 44. Plaintiffs contend that it was only after the close of fact discovery that they learned an examination of the brain of the deceased could confirm what they believe to be the cause of death. *Id.* But a motion to modify the scheduling order would have to be directed to Judge Chesney. The undersigned is merely enforcing the existing scheduling order. *See Finjan*, No. 18-cv-7229-YGR (TSH), 2020 WL 6581836, at *2.

Accordingly, the Court **DENIES** Plaintiffs' motion to compel Defendants to produce digital copies of Dr. Melinek's slides, or to allow Plaintiffs' expert access to the tissues preserved by the coroner's office.

### 3. Request to Allow Dr. Bennett Omalu to Supplement His Expert Report with Findings After Examining the Tissue Samples

Because the Court finds that Plaintiffs' request for the tissue samples is untimely, the Court **DENIES** Plaintiffs' request to allow Dr. Omalu to supplement his expert report with findings based on his examination of those samples.

## V.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel Defendants' expert to supplement her report regarding any review performed of the tissue samples or digital images

thereof she obtained from the Contra Costa coroner's office.  In all other respects, the motion is **DENIED**.

      **IT IS SO ORDERED.**

Dated: February 13, 2024

                                                THOMAS S. HIXSON
                                                United States Magistrate Judge