IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. R., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONTRA COSTA COUNTY CA, et al.,<br><br>    Defendants. | Case No. 19-cv-07152-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES** |

Before the Court is defendants Contra Costa County ("County") and Tasha Mizel's ("Mizel") (collectively, "County Defendants") Motion for Attorney Fees, filed May 2, 2024, whereby County Defendants seek, as against plaintiff Cristina Ramirez ("Ramirez"), an award of attorney's fees in the amount of $16,650.00.[1] Ramirez has filed opposition, to which County Defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons stated below, will deny the motion.[2]

**A. Federal Claims**

County Defendants seek an award of attorney's fees under 42 U.S.C. § 1988,

---

[1] This figure constitutes a lodestar comprising (1) preparation of the portion of County Defendants' Motion for Summary Judgment attributable to the claims that are the subject of the instant motion, and (2) preparation of the instant motion.

[2] By order filed May 24, 2024, the Court vacated the then-scheduled hearing on the instant motion, in light of the pendency of plaintiffs' "Motion for Relief from Order Granting Summary Judgment and Order Granting Motion for Dismissal of the Third Amended Complaint," whereby plaintiffs, including Ramirez, sought relief from the judgment entered against them and in favor of County Defendants. By order filed August 30, 2024, the Court denied plaintiffs' motion, and finds it appropriate to rule on the instant motion without the need for oral argument.

based on Ramirez's pursuit of some of her claims brought pursuant to 42 U.S.C. § 1983, namely, her claims that D.R. was unlawfully seized by County employees and that Mizel's supervisors caused Mizel to have D.R.'s remains cremated without obtaining permission from Ramirez.

An award of fees under § 1988 may be awarded to a defendant who prevails on a claim under 42 U.S.C. § 1983 only if the plaintiff's claims were "frivolous, unreasonable, or without foundation." See Hughes v. Rowe, 449 U.S. 5, 14 (1980).

The above-referenced unlawful seizure claim was not resolved on the merits, but, rather, on the ground that Ramirez had not timely sought to amend her operative complaint to identify the "Doe" defendant or defendants who engaged in the seizure (see Order, filed April 18, 2024 [Doc. No. 180], at 14:19-17:1), a failure the Court finds does not warrant a determination that such claim was frivolous, unreasonable, or without foundation, particularly given that Ramirez submitted some evidence to support her allegation that the seizure was unlawful (see Pls.' Ex. 20 at 10:24-11:11, 60:22-61:14). With respect to her claim relating to the cremation, Ramirez submitted, albeit after the filing of the instant motion, evidence to support her allegation that Mizel caused the remains to be cremated without Ramirez's consent (see Ramirez Decl., filed May 16, 2024 [Doc. No. 185-3] ¶ 2); as the delay, arguably, was the result of excusable neglect but Ramirez had, as above, failed to timely amend to substitute a named defendant, the Court finds the claim was not frivolous, unreasonable, or without foundation.

Moreover, nothing in the record suggests Ramirez, whom County Defendants have described as "drug addled" (see Defs.' Mot., filed January 26, 2024 [Doc. No. 155] at 17:16), and whom the record indicates is on general assistance and lacks a permanent residence (see, e.g., Mauck Decl., filed January 26, 2024 [Doc. No. 157], Ex. A at 120:7-121:10, Ex. E at 9, Ex. G at 6:2-8, Ex. I at 5:10-24), has any ability to pay the proposed award of fees or any portion thereof. See Miller v. Los Angeles County Board of Education, 827 F.2d 617, 621 (9th Cir. 1987) (holding court "should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant"; explaining, "the

award should not subject the plaintiff to financial ruin").

Accordingly, to the extent County Defendants seek an award of fees under § 1988, the motion is hereby DENIED.

**B.  State Law Claims**

County Defendants also seek an award of fees under § 1038 of the California Code of Civil Procedure.

Under § 1038, a prevailing defendant in an action brought under the Government Claims Act, e.g., an action against a public entity such as the County, may seek fees where the plaintiff's state law claims are "not brought in good faith and with reasonable cause."  See Cal. Code Civ. Proc. § 1038(a).  Any such motion, however, must be filed "before the discharge of [a] jury or entry of judgment."  See Cal. Code Civ. Proc. § 1038(c); see also Gamble v. Los Angeles Dep't of Water and Power, 97 Cal. App. 4th 253, 255 (2002) (holding, where county prevails on motion for summary judgment, motion under § 1038 must be filed prior to entry of judgment; observing "legislative history suggests an intent to have [a] motion [under § 1038] determined expeditiously and certainly before judgment is entered").

Here, no jury was impaneled and judgment was entered April 18, 2024.  As defendants' motion for an award of fees was not filed until May 2, 2024, it is untimely.  See Fed. R. Civ. P. 54(d)(2)(B) (providing motion for fees must be filed no later than 14 days after entry of judgment "[u]nless a statute . . . provides otherwise").

Accordingly, to the extent County Defendants seek an award of fees under § 1038, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 19, 2024

MAXINE M. CHESNEY
United States District Judge